IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| JOHN D. HOOKS, JR., | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| Sheriff CLYDE BROGDON, Deputy | : | CIVIL ACTION NO. 7:05-cv-42(HL) |
| BROCKINGTON, Deputy WILLIAM, | : | |
| Dispatch Operator M. HARRISON, | : | |
| Secretary H. BROGDON, and LANIER | : | |
| COUNTY, GA, | : | |
| Defendants | : | **RECOMMENDATION** |

Plaintiff **JOHN D. HOOKS, JR.**, presently confined at Wilcox State Prison in Abbeville, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against the above-named defendants.

*I.  STANDARD OF REVIEW*

*A.  28 U.S.C. § 1915(e)(2)*

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds:  (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact.  ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989).  In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal

Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon* **v.** *King & Spalding*, 467 U.S. 69, 73 (1984)).

### B.  General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States.  *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987).  Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law.  *Id.*

## II.  BACKGROUND

The relevant facts are set forth in the undersigned's August 18, 2003, order and recommendation in *Hooks v. Brogdon*, 7:03-cv-59(HL) ("*Hooks I*"), and will only be recounted briefly here.  Plaintiff alleges that, during his confinement at the Lanier County Jail, on two occasions (one in December 2002 and the other on an unspecified date in 2003), the defendants deliberately withheld plaintiff's prescribed medications, which caused plaintiff to suffer serious illness on both occasions.  He also alleges that in May 2003, Sheriff Brogdon failed to treat plaintiff's dental infection.  For these alleged violations, plaintiff seeks compensatory and punitive damages.

In this Court's August 18, 2003 order, plaintiff's complaint was allowed to proceed as to defendants Clyde Brogdon, Deputy Brockington, Deputy M. Harrison, and Secretary H. Brogdon. Because plaintiff paid the entire filing fee, plaintiff was directed to serve a copy of the complaint on these defendants. On April 14, 2004, service having not been perfected, the undersigned reminded plaintiff of his obligation and, additionally, advised plaintiff that should he fail to perfect service within 90 days, his complaint would be dismissed. For reasons unknown, plaintiff failed to comply with the Court's orders. By order dated September 2, 2004, Judge Hugh Lawson dismissed plaintiff's complaint in *Hooks I* without prejudice for his failure to perfect service.

Plaintiff signed the present complaint on April 28, 2005, and it was stamped received by the Clerk's Office on May 17, 2005. Plaintiff names as defendants to this action Lanier County, its Sheriff, Clyde Brogdon, and some of his employees (Dispatch Operator M. Harrison, Secretary H. Brogdon, Deputy William, and Deputy Brockington). In addition to complaining about the medical care plaintiff received during his stay at the Lanier County Jail, plaintiff seeks to hold Lanier County liable for the actions of its "employees."

### III. DISCUSSION

The length of the statute of limitations for filing a section 1983 claim is controlled by state law. *Wilson v. Garcia*, 471 U.S. 261 (1985). In Georgia, the proper limitations period for a section 1983 claim is the two-year period prescribed for personal injury claims in O.C.G.A. § 9-3-33. *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986). The Court will assume that plaintiff submitted his complaint to prison authorities for mailing on the same day that he signed

3

the complaint (April 28, 2005), and that the complaint was thus effectively filed on that date. *Garvey v. Vaughn*, 993 F.2d or F.3d 776, 783 (11th Cir. 1993) (in cases where *pro se* prisoners file complaints, "the date of filing shall be that of delivery to prison officials of a complaint or other papers destined for district court for the purpose of ascertaining timeliness."). In regard to those claims that arise out of events occurring prior to April 28, 2003, plaintiff's complaint was signed and filed outside the applicable statute of limitations period. Thus, such claims are not properly before this Court.

Therefore, plaintiff's first claim, that in December 2002, an eight day delay in receiving his prescribed heart medication caused plaintiff to suffer a mild heart attack and that officials thereafter refused to assist him, is barred by the Georgia statute of limitations. Accordingly, it is **RECOMMENDED** that this claim be **DISMISSED**. Plaintiff directs this claim at defendants Sheriff Brogdon, Secretary Brogdon, Dispatch Operator Harrison, Deputy William, and Deputy Brockington. Because the allegations contained in this claim comprise the sum of all claims against Harrison, William, and Brockington, it is also **RECOMMENDED** that they be **DISMISSED** as defendants herein.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

Plaintiff's second claim, alleging that the failure of Sheriff Brogdon and H. Brogdon to give plaintiff his prescribed medication resulted in another hospital stay, occurred sometime between

December 2002 and June 26, 2003. Plaintiff has not specified the dates on which this incident occurred. Because this claim is against a limited number of defendants, who may raise the statute of limitations defense in their answer(s), the Court will allow it to go forward.

Plaintiff's third claim, alleging that Sheriff Brodgon failed to treat plaintiff's dental infection, appears to have been filed within the statute of limitations. Construing plaintiff's *pro se* complaint favorably at this stage of the litigation, this Court cannot conclude with certainty that plaintiff's claim is frivolous. Accordingly, this claim likewise will be allowed to proceed.

By separate order, the Court has allowed plaintiff's claims against Sheriff Clyde Brogdon and H. Brogdon to go forward.

Lastly, regarding plaintiff's claim against Lanier County, Georgia, to establish municipal liability, plaintiff is required to show that the County has a policy or custom of violating the constitutional rights of individuals and that the policy or custom is the moving force behind the constitutional violation he alleges. **Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **Church v. City of Huntsville**, 30 F.3d 1332, 1343 (11th Cir. 1994). He must also show a direct causal link between the alleged policy and the constitutional deprivations. **City of Canton, Ohio v. Harris**, 489 U.S. 387 (1989). The Eleventh Circuit has held that no such causal connection exists in Georgia between the counties and sheriff's departments. **Manders v. Lee**, 338 F.3d 1304, 1315 (11th Cir. 2003) (sheriff's authority and duty to administer the jail in his jurisdiction flows from the State, not the county; counties cannot control nor affect the sheriff's office, and the sheriff and his deputies are not county employees); ***see also Wayne County Bd. of Comm'rs v. Warren***,

236 Ga. 150, 152, 223 S.E.2d 133 (1976) (stating a county has no liability for the violations of the civil rights of any person by a county sheriff).

Accordingly, it is **RECOMMENDED** that the claims against Lanier County be **DISMISSED** and that it be terminated as a defendant.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

**SO RECOMMENDED**, this 26th day of May, 2005.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE