**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **JOHN D. HOOKS,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | **Civil Action No.** |
| : | **7:05-CV-42 (HL)** |
| **Sherriff CLYDE BROGDON, et al.,** : | |
| : | |
| **Defendants.** : | |
| : | |

# **ORDER**

Before the Court is a Report and Recommendation (Doc. 4) from United States Magistrate Judge Richard L. Hodge. The Magistrate Judge recommends dismissing (1) Plaintiff's claims against Defendants Harrison, Williams, Brockton, and Lanier County;[1] and (2) Plaintiff's claim against Defendants Sherriff Brogdon and Secretary Brogdon to the extent Plaintiff seeks to recover for Defendants' alleged conduct that occurred in December of 2002. Plaintiff has subsequently filed an objection. Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered Plaintiff's objection and has made a *de novo* determination of the portion of the recommendation to which Plaintiff objects. For the reasons stated below, the recommendation is accepted.

Plaintiff originally brought suit on June 26, 2003, pursuant to 42 U.S.C. § 1983, alleging

---

[1] The Magistrate Judge recommended dismissing Defendant Lanier County because Plaintiff did not establish a direct causal link between any alleged policy and his injury. The Court agrees; however, as Plaintiff did not object to that portion of the recommendation, the Court will not address it here.

prison officials at Lanier County Jail violated the Eighth Amendment[2] when they were deliberately indifferent to his medical needs, on June 26, 2003. That civil action (7:03-cv-59) was dismissed without prejudice for failure to perfect service on August 3, 2004, and judgment in favor of Defendants was entered on September 8, 2004. Plaintiff, some seven months later, filed the present cause of action alleging (1) that all Defendants failed to provide him with his prescribed heart medication during December of 2002; (2) that Defendants Sheriff Brogdon and Secretary Brogdon failed to provide him with adequate medical treatment that resulted in a hospital stay that occurred sometime between December 2002 and June 2003; and (3) that Defendants Sheriff Brogdon and Secretary Brogdon failed to treat his dental infection on May 6, 2003.

The Magistrate Judge recommends that this Court dismiss Plaintiff's first claim as the present lawsuit was filed after the two year statute of limitations,[3] applicable in Georgia for a federal claim under 28 U.S.C. § 1983, had expired. Plaintiff objects arguing in effect that the statue of limitations was tolled from the date Plaintiff filed his previous complaint until the date this Court dismissed Plaintiff's previous cause of action. According to Plaintiff, because the statute of limitation was tolled, his present claim was therefore timely filed.

---

[2]As made applicable to the states through the Fourteenth Amendment. Louisiana *ex rel.* Francis v. Resweber, 329 U.S. 459, 463, 67 S. Ct. 374, 376 (1947).

[3]Claims brought under 42 U.S.C. § 1983 are measured by the personal injury statute of limitations period of the state in which the claim arose. Wilson v. Garcia, 471 U.S. 261, 269, 105 S. Ct. 1938, 1943 (1985). It is clearly established that the statute of limitations period for such claims arising from events in Georgia is two years. Thigpen v. Bibb County Sheriff's Dept., 223 F.3d 1231, 1248 (11th Cir. 2000).

The United States Court of Appeals for the Eleventh Circuit specifically addressed this issue in Stein v. Reynolds Securities. 667 F.2d 33, 34 (11th Cir. 1982). "The fact that dismissal of an earlier suit was without prejudice does not authorize a subsequent suit brought outside of the otherwise binding period of limitations." Id.  Therefore, contrary to Plaintiff's assertions, the statute of limitation did not toll while his prior civil action was pending in this Court.

In conclusion, the Court accepts the Magistrate Judge's Report and Recommendation. Defendants Harrison, Williams, Brockton, and Lanier County are dismissed as defendants and Plaintiff's claim against Defendants Sherriff Brogdon and Secretary Brogdon, insomuch as it relates to events that occurred in December 2002, is also dismissed.

**SO ORDERED**, this the 22nd day of December, 2005.

/s/ Hugh Lawson
**HUGH LAWSON, Judge**

scs