**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **JOHN D. HOOKS, JR.** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | **7:05-CV-42 (HL)** |
| | : | |
| **SHERIFF CLYDE BROGDON, and** | : | |
| **HILDA BROGDON** | : | |
| **Defendants.** | : | |

## O R D E R

Before the Court is a Report and Recommendation (Doc. 41) from United States

Magistrate Judge Richard L. Hodge that recommends granting the Motion for Summary

Judgment filed by Defendant Hilda Brogdon and denying the Motion for Summary Judgment

filed by Clyde Brogdon. Both Plaintiff and Defendant have subsequently filed objections.

Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered the parties'

objections and has made a de novo determination of the portion of the recommendation to

which each party objects. The Court will address Plaintiff's and Defendant's Objections in

turn.

## I.     Defendant Hilda Brogdon

Plaintiff has objected to the Magistrate Judge's recommendation that Defendant Hilda

Brogdon is entitled to summary judgment on Plaintiff's § 1983[1] claim, which alleges that Defendant Hilda Brogdon was deliberately indifferent to Plaintiff's serious medical needs while he was an inmate at Lanier County Jail. Specifically, Plaintiff has alleged that Defendant Hilda Brogdon was deliberately indifferent to Plaintiff's medical needs related to his heart condition and dental condition. The Magistrate Judge recommended granting summary judgment to Defendant Hilda Brogdon on Plaintiff's claim related to his heart condition because that claim was barred by the statute of limitations. Plaintiff has not objected to this portion of the Magistrate Judge's Report and Recommendation, and therefore, the Court will not address it.

As to Plaintiff's § 1983 claim against Defendant Hilda Brogdon based on her deliberate indifference to Plaintiff's dental condition, the Magistrate Judge recommended granting summary judgment because there is no evidence that she possessed any responsibility for the Lanier County Jail inmates' care and treatment. At the time of Plaintiff's incarceration at the Lanier County Jail, Defendant Hilda Brogdon was Sheriff Clyde Brogdon's secretary. There is no evidence that Defendant Hilda Brogdon had any involvement in Plaintiff's dental care. Defendant Hilda Brogdon is therefore entitled to summary judgment on Plaintiff's § 1983 claim because there is no evidence that any of her acts or omissions caused a deprivation of Plaintiff's constitutional rights. See Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982) (holding that to prevail in a § 1983 action

---

[1] 42 U.S.C.A. § 1983 (West 2003).

against a particular defendant, the plaintiff must establish that each individual defendant intentionally or with callous indifference caused the constitutional deprivation).

## II. Defendant Clyde Brogdon

The Magistrate Judge recommended granting summary judgment to Defendant Clyde Brogdon ("Sheriff Brogdon") on Plaintiff's claim related to his heart condition because that claim was barred by the statute of limitations. Plaintiff has not objected to this portion of the Magistrate Judge's recommendation, and therefore, the Court will not address this issue. The Magistrate Judge, however, recommended denying summary judgment to Sheriff Brogdon on Plaintiff's claim related to his dental condition. Sheriff Brogdon has objected on three grounds: (1) Plaintiff's dental condition did not constitute a serious medical condition; (2) Sheriff Brogdon is entitled to official immunity; and (3) Sheriff Brogdon is entitled to qualified immunity.

First, Sheriff Brogdon asserts that Plaintiff's Eighth Amendment rights were not violated because Plaintiff's dental condition did not constitute a serious medical need. Defendant's objections simply repeat the same arguments that he made in his initial Summary Judgment Brief. For the reasons contained in the Magistrate Judge's Report and Recommendation, the Court finds that there is sufficient evidence that Plaintiff's dental condition constituted a serious medical need.

Second, Sheriff Brogdon claims that he is entitled to official immunity. Because the Magistrate Judge did not address Defendant's official immunity argument, the Court will

address it here. It is well-established that official immunity only attaches when the State or an arm of the State is being sued. Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003). As Defendant acknowledges, sheriffs perform certain functions as arms of the State and certain functions as arms of the County in which they serve. See id.; Beaulah v. Muscogee County Sheriff's Deputies, 447 F. Supp. 2d 1342 (M.D.Ga. 2006); Dukes v. Georgia, 428 F. Supp. 2d 1298 (N.D.Ga. 2006). The Northern District of Georgia's decision in Dukes, as well as the Eleventh Circuit's decision in Manders, suggest that in providing medical care for jail inmates, a sheriff acts as an arm of the county. Dukes, 428 F. Supp. 2d at 1318-1322; Manders, 338 F.3d at 1319, 1322. Therefore, insofar as Plaintiff brings this action against Sheriff Brogdon in his official capacity as Sheriff of Lanier County, Plaintiff must allege and establish that the alleged deprivations resulted from a custom or policy set by Lanier County. Hafer v. Melo, 502 U.S. 21, 25 (1991); Monell v. Dep't. of Social Services, 436 U.S. 658, 691 (1978).[2]

In making the determination of whether the deprivation resulted from a County's custom or policy, the Eleventh Circuit has held that a single act may be county policy if the action is performed by a county official who is "the final policymaker...with respect to the subject matter in question." Mandel v. Doe, 888 F.2d 783, 793 (11th Cir. 1989); see also Aspinwall v. Herrin, 879 F. Supp. 1227, 1244 (S.D. Ga. 1994). Whether an official is a final

_____

[2]In Hafer, the Supreme Court clarified its determinations in Kentucky v. Graham, 473 U.S. 159 (1985) and stated that "[b]ecause the real party in interest in an official-capacity suit is the governmental entity and not the named official, 'the entity's policy or custom must have played a part in the violation of federal law.'" Hafer, 502 U.S. at 25.

policymaker is a question of state law for the trial judge. <u>Mandel</u>, 888 F.2d at 793. To determine whether an official is the "final policymaker," the court should look to the relevant positive law, including ordinances, rules, and regulations, as well as the relevant customs and practices having the force of law. <u>Id.</u>

Here, it is clear that under Georgia law Sheriff Brogdon was the final policymaker with respect to providing medical care to inmates at Lanier County Jail. <u>See</u> O.C.G.A. § 42-4-4(a)(2) ("It shall be the duty of the Sheriff...[t]o furnish persons confined in the jail with medical aid...."); <u>Merideth v. Grogan</u>, 812 F. Supp. 1223, 1231 n.6 (N.D. Ga. 1992) (holding that a Georgia Sheriff was the "final policymaker with regard to the operation of the jail and the caliber of medical care to be provided inmates at the jail."). As a result, inasmuch as the Court has concluded that genuine issues of material fact exist as to whether Sheriff Brogdon acted with deliberate indifference to Plaintiff's serious medical needs, Sheriff Brogdon is not entitled to official immunity for his actions. <u>See Hale v. Tallapoosa County</u>, 50 F.3d 1579, 1582 (11th Cir. 1995) (holding that official immunity does not attach to an official who acts with deliberate indifference to a substantial risk of serious harm when the official is the final policymaker with respect to the subject matter in question).

Third, Sheriff Brogdon contends that he is entitled to qualified immunity for Plaintiff's claim against him in his individual capacity. The Supreme Court has set forth a two-part test for qualified immunity analysis. As set out by the Supreme Court in <u>Saucier v. Katz</u>, 533 U.S. 194 (2001), "the first inquiry [in a qualified immunity analysis] must be

whether a constitutional right would have been violated on the facts alleged; second, assuming the violation is established, the question whether the right was clearly established must be considered." Id. at 200. The first portion of this inquiry requires that the court ask whether, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Id. at 201. If the answer to this question is yes, then the next portion of the inquiry is whether the defendants' actions violated "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800 (1982).

"For a constitutional right to be clearly established, its contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in light of pre-existing law the unlawfulness must be apparent.'" Hope v. Pelzer, 536 U.S. 730, 739 (2002) (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)). "[O]fficials can still be on notice that their conduct violates established law even in novel factual circumstances. . . Accordingly, . . . the salient question . . . is whether the state of the law [at the time of the events giving rise to the cause of action] gave [the defendants] fair warning that their [actions were] unconstitutional." Id. at 741.

The Supreme Court has clearly established that deliberate indifference to an inmate's serious medical needs constitutes a violation of the Eighth Amendment. See Estelle v.

Gamble, 429 U.S. 97, 104 (1976). As to what constitutes a "serious medical need," the Eleventh Circuit had already held at the time Sheriff Brogdon denied Plaintiff's request for dental care that an inmate's dental conditions can constitute a "serious medical need" in certain circumstances. See Farrow v. West, 320 F.3d 1235 (11th Cir. 2003) (decided by the Eleventh Circuit on February 7, 2003, three (3) months prior to Sheriff Brogdon's alleged denial of care for plaintiff's dental condition in May 2003); see also Fields v. Gander, 734 F.2d 1313 (8th Cir. 1984) (holding that severe pain from an infected tooth constitutes a serious medical need).

In this case, the Court finds that Sheriff Brogdon is not entitled to qualified immunity. Viewing the facts in the light most favorable to the Plaintiff as the nonmoving party, Sheriff Brogdon knew that Plaintiff had been experiencing pain and swelling in his mouth for several days. Plaintiff had requested dental treatment but was refused. A dispatcher at the jail even joked that Sheriff Brogdon was a dentist and that the Sheriff would pull Plaintiff's tooth for him. After eight or nine days of constant pain resulting from his infected tooth, Plaintiff pulled the tooth himself. In light of the state of the law that existed at the time Plaintiff requested dental care, combined with the circumstances surrounding Plaintiff's dental condition, this Court finds that Sheriff Brogdon had fair warning that it was unconstitutional for him to deny Plaintiff's request for dental care. Accordingly, Sheriff Brogdon is not entitled to qualified immunity for Plaintiff's claim against him in his individual capacity.

For these reasons, the Magistrate Judge's Report and Recommendation (Doc. 41)

is accepted. Therefore, Defendant Hilda Brogdon's Motion for Summary Judgment is granted. Sheriff Brogdon's Motion for Summary Judgment on Plaintiff's claim related to his heart condition is granted. Sheriff Brogdon's Motion for Summary Judgment on Plaintiff's dental claim is denied.

SO ORDERED, this 29th day of September, 2007.

/s/ Hugh Lawson
**HUGH LAWSON, Judge**

dhc